UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MOHANAD NAWABIT,**          CASE NO.:

      **Plaintiff,**

vs.

**5002, INC., DBA SNAX FOOD STORE and YASIN SAAD and NASSER SAAD Individually,**

      **Defendants.**
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MOHANAD NAWABIT ("NAWABIT" or "Plaintiff"), by and through the undersigned attorney, sues the Defendants, 5002, INC., d/b/a Snax Food Store, a Florida Corporation ("SNAX"), YASIN SAAD, Individually ("YASIN") and NASSER SAAD, Individually ("NASSER") (collectively referred to as "Parties") and alleges:

### INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. §§ 206(a) and 207(a) and Article X, Section 24 of the Florida Constitution.

2. The Fair Labor Standards Act was passed in 1938. Its principal purpose was to protect all covered workers from substandard wages and

oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 6(a) of the FLSA requires payment of at least the statutory minimum wage for all hours worked per workweek. 29 U.S.C. § 206(a).

4. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

5. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

6. To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendants as

well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

## JURISDICTION AND VENUE

7. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, other relief under Article X, Section 24 of the Florida Constitution and reasonable attorney's fees and costs.

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

9. At all times material hereto, Plaintiff was a resident of Hillsborough County, Florida.

10. Defendant, SNAX, conducts business in, among others, Hillsborough County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

11. Defendant, SNAX, operates as a convenience store with locations in Tampa, FL.

12. SNAX in the business of providing food and beverages for the general public.

13. At all times relevant to this action, YASIN SAAD was an individual resident of the State of Florida, who owned and/or operated SNAX, and who regularly exercised the authority to: (a) hire and fire employees of SNAX; (b) determine the work and pay schedules for the employees of SNAX; (c) control the finances and operations of SNAX; and (d) was responsible for the overall business operations of SNAX.

14. At all times relevant to this action, NASSER SAAD was an individual resident of the State of Florida, who owned and/or operated SNAX, and who regularly exercised the authority to: (a) hire and fire employees of SNAX; (b) determine the work and pay schedules for the employees of SNAX; (c) control the finances and operations of SNAX; and (d) was responsible for the overall business operations of SNAX.

## COVERAGE

15. At all material times during the last three years, Defendant, SNAX was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203 (r) and 203 (s).

16. At all material times (the last three to five years), Defendant, SNAX was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203 (s).

17. At all material times (the last three to five years), SNAX has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18. At all times material (the last three to five years), SNAX has been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or

   b. Engaged in the production of goods for commerce; or

   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. toiletries, cash registers, fountain machines and/or office supplies).

19. Therefore, Defendant, SNAAX operates as an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

20. Additionally, Plaintiff was individually engaged in interstate commerce during his employment with Defendants as a result of his routine and daily use of telephone communications that crossed state lines and his routine and regular handling of goods, materials and supplies which had travelled in interstate commerce.

## **GENERAL ALLEGATIONS**

21. Defendant, SNAX, is a company classified as a convenience store.

22. Defendants were "employers" of Plaintiff within the meaning of the FLSA.

23. Plaintiff was an employee of Defendants within the meaning of the FLSA.

24. Plaintiff performed cashier duties for Defendants.

25. Plaintiff worked in this capacity from approximately April 2019 through December 2021.

26. Plaintiff was paid an hourly rate in exchange for work performed.

27. Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties.

28. Despite working more than forty (40) hours per week during one or more work weeks, Defendants failed to pay Plaintiff overtime compensation at a rate of time and one-half times his regular rate of pay for hours worked over forty (40) in a workweek.

29. Defendants failed to pay Plaintiff at least the statutory minimum wage for all hours worked during one or more workweeks.

30. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime and minimum wage compensation to Plaintiff.

31. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

32. Defendants have acted willfully in failing to pay Plaintiff in accordance with the law.

33. Defendants failed to maintain proper time records as mandated by law.

34. Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## **COUNT I – RECOVERY OF OVERTIME WAGES**

35. Plaintiff reincorporates and readopts all allegations contained in paragraphs 1-34 above.

36. Plaintiff is entitled to be paid overtime compensation for overtime hours worked.

37. During his employment with Defendants, Plaintiff worked overtime hours but did not receive time and one-half of his hourly rate for those overtime

hours worked.

38. Defendants were aware of the overtime hours worked by Plaintiff.

39. Defendants were aware of laws which required employees to be paid at time and one half their regular rate of pay for hours worked over forty (40) within a workweek.

40. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

41. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

42. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants;

    a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per workweek as allowable under the FLSA statute of limitations period;

    b. Awarding Plaintiff liquidated damages in an amount equal to the

        overtime award, or alternatively, awarding pre-judgment interest;

    c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

    d. Ordering any other further relief the Court deems just and proper.

## COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34 above.

44. Plaintiff was entitled to be paid the statutory minimum wage for all hours worked during his employment with Defendants.

45. Plaintiff was entitled to receive the applicable statutory Florida minimum wage rate per week worked during his employment with Defendants pursuant to 29 C.F.R. 778.5.

46. Plaintiff did not receive the statutory minimum wage rate for all hours worked during one or more workweeks, contrary to the FLSA.

47. As a result, Defendants violated FLSA's provision on minimum wages (29 U.S.C. §206) in that Plaintiff has not been paid the minimum wage per week for work performed during his employment.

48. Defendants willfully failed to pay minimum wage compensation contrary to 29 U.S.C. §206.

49. As a direct and proximate result of Defendants' deliberate nonpayment of wages, Plaintiff has been damaged in the loss of minimum wages, plus incurring reasonable attorneys' fees and costs.

50. As a result of Defendants' willful violation of the FLSA Plaintiff is entitled to liquidated damages.

51. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

52. WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants;

   a. Awarding Plaintiff his unpaid minimum wages as allowable under the FLSA statute of limitations period;

   b. Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

   c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

   d. Ordering any other further relief the Court deems just and proper.

### COUNT III - RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)

53. Plaintiff reincorporates and readopts all allegations contained within

Paragraphs 1-34 above.

54. Plaintiff was entitled to be paid the statutory minimum wage for all hours worked during his employment for Defendants.

55. Plaintiff did not receive the statutory minimum wage rate for all hours worked during one or more workweeks contrary to the Florida Constitution's minimum wage provision.

56. As a result, Defendants violated the Florida Constitution's provisions on minimum wages.

57. Defendants willfully failed to pay Plaintiff the minimum wage during one or more work weeks during the subject period of work contrary to Article X, Section 24 of the Florida Constitution.

58. Plaintiff has demanded proper compensation via demand letter for this unpaid minimum wage compensation, but Defendants have refused and/or failed to compensate him for same.

59. As a direct and proximate result of Defendants' deliberate nonpayment of wages, Plaintiff has been damaged in the loss of minimum wages for the subject weeks that he worked for the Defendants.

60. As a result of Defendants' willful violation of the Florida Constitution, Plaintiff is entitled to liquidated damages and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in

his favor against Defendants;

    a. Awarding Plaintiff unpaid minimum wages as allowable under the Florida Constitution's statute of limitations period;

    b. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

    c. Awarding reasonable attorney's fees and costs and expenses of the litigation; and

    d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: October 28, 2022　　　　　Respectfully submitted by,

*/s/ Kimberly De Arcangelis*
KIMBERLY DE ARCANGELIS, ESQ.
Bar No.:  025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email:　　KimD@forthepeople.com
*Trial Attorneys for Plaintiff*